## In re GORDON.

District Court, S. D. New York.

April 22, 1942.

N. William Welling, of New York City, for distributor.

Zuckerman & Fogelson, of New York City, for debtor.

RIFKIND, District Judge.

Motion by debtor to reopen proceedings under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., and to appoint a referee for the purpose of distributing a fund to the persons legally entitled to share therein.

The debtor filed its petition for an arrangement under Section 322 of the Bankruptcy Act on December 7, 1940. In due course an arrangement was confirmed.

In substance the arrangement provided for a scaling down of the unsecured debt and payment of the reduced claims in periodic installments to a "distributor" appointed by the court. The debtor was to continue the operation of his business under various restrictions as to borrowing, purchasing on credit, and mantaining inventory levels. The arrangement further specified that "Upon a default continuing for five days in the payment of any installment * * * title to all of the Debtor's assets will forthwith vest in Thadeus B. Kleckner, the appointee of the Creditors Committee for the purposes described in the Plan."

A default occurred. The debtor moved to be relieved therefrom. The referee held that he was powerless to grant such relief. On July 25, 1941, the debtor surrendered all his assets to Kleckner.

Kleckner has not distributed the proceeds of the debtor's estate for the reason that he has been uncertain of the relative rights of creditors who proved their claims and creditors who advanced credit to the debtor after confirmation of the arrangement.

The debtor claims that he has been harassed by his creditors; that he is helpless since all his assets are in the hands of Kleckner; that the fund is sufficient to pay all post-confirmation claims. He petitions the court to reopen the proceedings with a view to the distribution of the fund held by Kleckner.

Kleckner, who is both the "distributor" and the "appointee" under the arrangement, challenges the power of the court to grant the relief.

I am of the opinion that the court is without jurisdiction.

Section 357(7): "An arrangement within the meaning of this chapter may include —* * * (7) provisions for retention of jurisdiction by the court until provisions of the arrangement, after its confirmation, have been performed".

Section 368: "The court shall retain jurisdiction, if so provided in the arrangement."

These two sections of the Bankruptcy Act bestow upon the parties to an arrangement the option whether to continue the court's jurisdiction or not (except in the respects hereinafter mentioned). The choice has important and specific significance. If it is in favor of continuing jurisdiction it brings into play the provisions of section 377 which, in the event of default in performance of the terms of an arrangement, permit an adjudication in bankruptcy if the proceeding is brought under section 322, and compel such an adjudication if the proceeding is brought under section 321. Retention of jurisdiction also

makes section 344 operative after confirmation.

The arrangement under consideration did not provide for the retention of jurisdiction. The plain implication from sections 357(7) and 368 is that where provision for retention is not made in the arrangement the court is without jurisdiction except as the statute otherwise directs.

Section 367 of the Bankruptcy Act provides: "Upon confirmation of an arrangement—* * * (4) except as otherwise provided in sections 369 and 370 of this Act [769 and 770 of this title], the case shall be dismissed".

The exceptions above specified provide that the court shall in any event retain jurisdiction until the final allowance or disallowance of claims of specified categories and for the distribution of the consideration deposited for such claims, if allowed. The only other sections which contain any jurisdiction-conferring language, applicable after confirmation of an arrangement which contains no provision for retention of jurisdiction, are sections 372 and 386. Section 372 reads:

"Upon the consummation of a proceeding under this chapter after confirmation of an arrangement, the court shall enter a final decree discharging the receiver or trustee, if any; closing the estate; and making such provisions, by way of injunction or otherwise, as may be equitable."

Section 386 is applicable only where fraud was practiced in procuring the arrangement.

The scheme of the statute is thus seen to be fairly simple. After the petition is filed (sections 321, 322), the arrangement proceeds to confirmation (sections 361, 366), the case is dismissed (section 367), and after consummation the estate is closed (section 372). Where by the arrangement jurisdiction is not retained, there is nothing between "dismissal" and "closing the estate" except the exercise of the powers conferred by sections 369 and 370. Where by the arrangement jurisdiction is retained, "closing the estate" awaits full performance of the terms of the arrangement. Vogel v. Mohawk Electrical Sales Co., 2 Cir., 1942, 126 F.2d 759.

This view is supported by Collier on Bankruptcy.

"If jurisdiction is not retained pursuant to Sec. 357(7), consummation of the proceeding is not dependent upon actual payment and it is no obstacle to final decree, that payment has not been made". 8 Collier on Bankruptcy, 14th Edition, 1280.

It is my conclusion that the debtor's dilemma cannot be solved by the instant application; that the Bankruptcy Act does not provide judicial supervision over post confirmation claims and post confirmation conduct where jurisdiction is not retained in the court by the arrangement; and, therefore, that the petition must be dismissed.

I have been advised that after the argument of this application the referee signed a decree closing the estate. The disposition of this application is not affected thereby.

Submit order.