CITY OF ST. PETERSBURG, a municipal corporation, v. FRANK FIORE, single; ROBERT EMMETT LEE and WEST COAST TITLE COMPANY.

33 So. (2nd) 852                                                    January Term, 1948
January 30, 1948                                                         Division A

*Lewis T. Wray, Harry I. Young* and *Frank D. McDevitt,* for appellant.

*Harris & Kooman,* for appellees.

SEBRING, J.:

The plaintiff below, Frank Fiore, purchased three vacant lots of land in St. Petersburg in 1940. Previous to the purchase the lots had been used by the prior owners as a place for storing and selling firewood. The plaintiff contracted to sell the property in 1946 to one Robert Emmett Lee. At the time for closing the deal it was discovered that the City of St. Petersburg claimed a lien on the real property for certain tangible personal property taxes assessed against firewood

which had been stored on the premises prior to acquisition of title by Fiore. The prospective purchaser being in doubt as to whether the asserted claim for taxes constituted a lien on the real property, a portion of the purchase money sufficient to pay the personal property taxes was placed in escrow to await a judicial determination of the question; the remainder of the purchase price was paid to the plaintiff; and the plaintiff executed a deed conveying the lots to the purchaser. Then the plaintiff instituted a suit in equity to determine the question, naming as parties defendant the City of St. Petersburg, the purchaser of the property, and the escrow agent.

In his bill of complaint the plaintiff set forth the facts which we have mentioned; quoted the provisions of the Charter Act under which the City asserted its claim of lien against the real property; and prayed that the Court find that the personal property tax claim did not constitute a lien upon the real property and that it enter a decree on such finding cancelling the City's claim of lien as a cloud on the title of the plaintiff and his successor in title.

The City of St. Petersburg, in its answer filed to the bill, admitted that it claimed a lien upon the real property for tangible personal property taxes assessed for the years in which the personal property and the real property were owned by the predecessor in title; denied that it claimed a lien for the one year in which the real property and personal property were not owned by the same person; and disclaimed any lien on the real property for any year in which the realty and the personalty were not in the same ownership.

The answers filed by the purchaser and the escrow agent disavowed knowledge of the validity of the contentions made by the disputing parties and averred willingness to abide by and comply with any competent order or decree rendered by the Court having jurisdiction.

The contention between the respective parties being thus put in issue, the plaintiff moved for a final decree on bill and answers. The motion was granted and the court entered its final decree adjudicating that the tangible personal property taxes did not constitute a lien on the real property involved

and that any claim of lien thus asserted by the City should be cancelled as null and void.

The City of St. Petersburg has taken an appeal, assigning as ground of error the entry of the final decree.

The decision on this appeal depends upon the construction to be given certain sections of the Charter Act of the City pertaining to the real and personal property taxation powers given by the legislature to the municipality. See Secs. 14(d), (i) and (aa), Chapter 15505, Laws of Florida, Special Acts of 1931.

The applicable portions of sections 14(d), (i) and (aa) of the Charter Act of the City of St. Petersburg provide, respectively, as follows:

"(d) The assessment of personal property shall be made separate from the assessment of real estate, but personal property shall be responsible for the taxes on real estate and the real estate shall be responsible for taxes on personal property, when owned by the same person."

"(i) ... All taxes imposed pursuant to this charter and the laws of the State of Florida shall be a first lien superior to all other liens on any property against which such taxes have been assessed which shall continue in full force until discharged by payment, and shall be a lien of equal dignity with the liens for State and County taxes."

"(aa) Delinquent taxes on personal property shall be collected substantially in the same manner as provided by general State law for the collection of State and County taxes; provided that the taxes on personal property for the preceding year shall become delinquent on April 1st of each year."

The City of St. Petersburg contends that the words appearing in section 14(d), supra, providing that "the real estate shall be responsible for taxes on personal property, when owned by the same person" creates in favor of the City a lien on real estate within the boundaries of the City for all tangible personal property taxes assessed against the owner of such real estate.

We cannot agree with the contention. A tax is not a lien even upon the property against which the tax is assessed un-

less made so by statute; a tax lien being merely a security established by statute of which the tax collector may avail himself in default of payment of taxes. It being solely a creature of statute, the intention to create the lien, or to extend it to any particular species of property, must clearly appear in the statute. Moreover, a tax lien will not be extended by implication, or enlarged by judicial construction. It will exist or attack only in accordance with such terms and conditions as are prescribed by the statute creating it. 51 Am. Jur. 881, Taxation Sec. 1010. Therefore, in the absence of a statute extending a lien for personal property to real property owned by the taxpayer, such real property may not be charged, in default of the payment of such personal property taxes.

The meaning of the charter provisions involved in this litigation is perfectly plain, so far as they pertain to the assessment, levy, and collection of tangible personal property taxes. Section 14(i) of the Charter, though creating a lien in favor of the City as security for the payment of taxes imposed pursuant to the Charter, restricts the lien thus created to the personal property against which such taxes have been assessed. By providing that "real estate shall be *responsible* for taxes on personal property," where the ownership of the personal property taxed and real estate are in the same person, section 14(d) of the Charter evidences a clear legislative intent that the ultimate satisfaction of the tax is not to be confined solely to personal property of the tax debtor—as is the case now in respect of State and county tangible personal property taxes levied under general statutes—but is to extend to all property owned by him, in the event the tax is not paid and the personal property upon which the tax lien is imposed by the charter is not sufficient to liquidate the tax debt. Section 14(aa) prescribes the manner in which the Tax Collector shall proceed with the collection of personal property taxes, and given to this tax official the remedies available to State and County tax officials under the provisions of general law.

Whether by force of the language used in section 14(d) of the Charter providing that "real estate shall be responsible for taxes on personal property," a remedy to enforce the per-

sonal property tax against real property is available to the City tax collector by suit in equity, or otherwise, is a matter not before us on this appeal.

The decree appealed from is affirmed.

It is so ordered.

THOMAS, C., J., TERRELL, and CHAPMAN, JJ., concur.