**William ENGLAND, Plaintiff,**

v.

**H. J. WHITE, Individually and as Director of Internal Revenue for the Eastern District of Illinois,**

and

**O. E. Dieckmann, Individually and as Revenue Officer of the Internal Revenue for the Eastern District of Illinois, Defendants.**

**Civ. No. 4098.**

United States District Court
E. D. Illinois.
Sept. 3, 1958.

William B. England, St. Louis, and McRoberts & Hoban, East St. Louis, Ill., for plaintiff.

C. M. Raemer, U. S. Atty., and James B. Moses, Asst. U. S. Atty., East St. Louis, Ill., for defendants.

JUERGENS, District Judge.

The plaintiff filed his complaint, asking this court to enjoin the defendants and all other persons in active concert with them from proceeding further with a levy to collect an alleged tax indebtedness by distraint until there has been a final determination of a case heretofore presented to this court, England v. United States, D.C., 164 F.Supp. 322 and presently pending final decision on appeal by the United States Circuit Court of Appeals for the 7th Circuit. [See 261 F.2d 455.]

The plaintiff heretofore filed a complaint in this court entitled "William England and Mary England v. United States of America" and known as "Civil No. 3773". The plaintiffs therein asked, among other things, for a declaratory judgment declaring a certain tax lien null and void, and to cancel a certain tax lien assessed by the United States Government against certain realty owned by the plaintiffs. This court denied

the relief asked, since the provisions of the declaratory judgment act specifically exclude questions concerning federal taxes. From that decision the plaintiffs perfected an appeal to the United States Circuit Court of Appeals for the 7th Circuit, where the cause is currently pending decision.

In this action the plaintiff asks the court to issue an injunction prohibiting the collection of the tax, pending final outcome of the appeal referred to above.

The plaintiff has also presented his motion for preliminary injunction for basically the same reasons given in his complaint for injunction.

The defendants have filed their motion to dismiss the complaint for injunction and the motion for preliminary injunction for the reason that this court lacks jurisdiction over the subject matter and for the further reason that the complaint for injunction fails to state a claim upon which relief can be granted.

Under the provisions of Section 7421 of the Internal Revenue Code, 1954, 26 U.S.C.A. § 7421, suits to restrain assessment or collection of any tax are prohibited.

Section 7421, Internal Revenue Code, 1954, provides in pertinent parts as follows:

"§ 7421. Prohibition of suits to restrain assessment or collection.

"(a) Tax.—Except as provided in sections 6212(a) and (c), and 6213 (a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

Sections 6212(a) and (c) and 6213(a), 26 U.S.C.A. §§ 6212(a, c), 6213(a), are in no way applicable to the situation here presented; therefore, the prohibition against suit for the purpose of restraining an assessment or collection of any tax is pertinent to the present situation.

The plaintiff asserts that the section above referred to does not prohibit suits to enjoin the collection of a tax in all situations, that there are ex-ceptions to the rule, and where exceptional circumstances exist a court may enjoin the collection of a tax notwithstanding the provisions of Section 7421. In this contention the plaintiff is correct. In Miller v. Standard Nut Margarine Company, 284 U.S. 498, 52 S.Ct. 260, 263, 76 L.Ed. 422, it was said:

"Independently of, and in cases arising prior to, the enactment of the provision * * * ' which became Rev.St., § 3224 (now Section 7421), this court, in harmony with the rule generally followed in courts of equity, held that a suit will not lie to restrain the collection of a tax upon the sole ground of its illegality. The principal reason is that, as courts are without authority to apportion or equalize taxes or to make assessments, such suits would enable those liable for taxes in some amount to delay payment or possibly to escape their lawful burden, and so to interfere with and thwart the collection of revenues for the support of the government. And this court likewise recognizes the rule that, in cases where complainant shows that in addition to illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector." (Insert added.)

In accordance with the holding of the United States Supreme Court in the Miller case, this court must look to the complaint and motion for preliminary injunction to determine whether or not such extraordinary circumstances exist, which would warrant this court in assuming jurisdiction of the case notwithstanding the prohibition of the statute.

In the instant case the plaintiff alleges that the tax is illegal, which is the first requirement necessary to bring into play the waiver of prohibition. The plaintiff next contends that the defendants have sought and currently seek to enforce collection of the alleged tax

indebtedness by having levied, not only upon the accrued salary of the plaintiff but also upon his monetary interest in certain monthly rentals from certain properties owned by the plaintiff, that the levy presently subsists and is a current threat to the uninterrupted enjoyment by plaintiff of his interest in the aforesaid property rights pending a final decision on the appeal; that plaintiff is without a complete, speedy and adequate remedy of law; and that the proposed levy in effect constitutes an irreparable injury to plaintiff in that it now deprives plaintiff of his livelihood. The plaintiff contends that these facts constitute special and extraordinary circumstances which warrant equitable intervention by this court. A court of equity may not grant an injunction in the face of the statute unless there exists simultaneously illegal tax and some special and extraordinary circumstances. If either element is lacking, injunctive relief will be denied. Homan Mfg. Co. v. Long, 7 Cir., 1957, 242 F.2d 645; Huston v. Iowa Soap Co., 8 Cir., 1936, 85 F.2d 649, 108 A.L.R. 173; Gehman v. Smith, D.C., 76 F.Supp. 805.

In Homan Mfg. Co. v. Long [242 F.2d 653] the Circuit Court of Appeal for the 7th Circuit had the following to say concerning special and extraordinary circumstances:

"For the Miller case principles to become operative 'special and extraordinary circumstances' must combine with illegality. After all the putative taxpayer seeking relief in the Miller case came into the district court armed with several judicial adjudications, an official letter, and Treasury Decision unanimously proclaiming non-taxability of the type of product produced by it. Relying upon that array of rulings for the prediction that its product was non-taxable under the Oleomargarine Act of August 2, 1886, 24 Stat. 209, as amended by the Act of May 9, 1902, 32 Stat. 194, the manufacturer invested capital and embarked on an enterprise —doomed to strangulation by administrative caprice, hence equitable relief was granted. The proposed tax was illegal. The Miller circumstances were exceptional even to the most jaundiced eye."

At page 655 the court further said:

"Granting relief despite the statutory bar mandated by § 7421 would entail exercise of the district court's general equity jurisdiction. To deviate from that clear Congressional direction could be countenanced, if at all, only by adhering to case precedent."

In an attempt to determine whether or not this court may grant the injunctive relief sought by the plaintiff in this action, the court has examined all of the cases cited by both the plaintiff and the defendants and has conducted an extensive research of the problem in an effort to determine whether or not there is any precedent whereby this court would be authorized to deviate from the Congressional direction. In this search the court has been unable to discover any case which presents a ratio decidendi equivalent to this case. The court is unable to find any case in which injunctive relief was granted on facts even similar to those here presented by the plaintiff.

The court holds that the facts asserted by the plaintiff fail to bring him within the exceptional circumstances necessary to permit this court to assume jurisdiction contrary to the Congressional mandate as expressed in Section 7421 and that the court must, therefore, follow the Congressional direction and deny the relief asked.

For the above reasons this court finds that it has no jurisdiction to entertain the complaint or the plaintiff's motion for preliminary injunction. The defendant's motion to dismiss the complaint will, therefore, be allowed and the plaintiff's motion for preliminary injunction will be denied.