**UNITED STATES of America,**
**Appellant,**

v.

**H. A. PHILLIPS, Trustee for C. J. Dick Towing Company, Bankrupt, Appellee.**

**No. 17367.**

United States Court of Appeals
Fifth Circuit.
May 13, 1959.

C. Guy Tadlock, Davis W. Morton, Jr., Fred E. Youngman, A. F. Prescott, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., John H. Baumgarten,

Asst. U. S. Atty., Houston, Tex., Charles K. Rice, Asst. Atty. Gen., William B. Butler, U. S. Atty., Houston, Tex., for appellant.

Thad Grundy, Hutcheson, Taliaferro & Hutcheson, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

JONES, Circuit Judge.

We have here a single and rather narrow legal question presented for our determination. The factual situation giving rise to the question may be briefly outlined. C. J. Dick Towing Company, a Texas corporation, incurred a liability to the United States of $10,332.09 for Federal withholding taxes for the period ending March 31, 1953. The tax became delinquent and penalties for the non-payment thereof were assessed in the amount of $2,066.60.[1] The tax was paid by the company on August 24, 1953. The penalty was not paid. The C. J. Dick Towing Company incurred other tax liabilities to the United States. On January 4, 1954, and on January 28, 1954, the District Director of Internal Revenue filed notices of Federal tax liens in the public records of Harris County, Texas. Included in the notices was the penalty item of $2,066.60. An involuntary petition in bankruptcy was filed against the C. J. Dick Towing Company on February 15, 1954. It was adjudicated a bankrupt on February 26, 1954. The District Director filed a proof of claim in the bankruptcy proceedings for $19,533.48. Included in this amount was the penalty item of $2,066.60. In the proof of claim it was asserted that the indebtedness to the United States, including interest and penalties, was secured by a lien upon all property of the bankrupt. The trustee in bankruptcy objected to the allowance of the portion of the claim which represented the penalty. The referee in bankruptcy disallowed the claim so far as it related to the penalty. On a petition for

---

1. The penalty may have been for failure to file a return rather than for failure to pay the tax but the reason for the penalty is immaterial for the purpose of this appeal.

review the district court affirmed the referee. See In the Matter of C. J. Dick Towing Company, Bankrupt, D.C., 161 F.Supp. 751. Before us for review on appeal is this order of the district court.

The trustee of the bankrupt estate contended and the district court held that Section 57, sub. j of the Bankruptcy Act[2] precluded the allowance of the claim for the penalty, no pecuniary loss being asserted. The United States points to the statutes providing for liens to secure taxes and penalties[3] and to the evidence showing its compliance with such statutes. It then asserts that by reason of the nature of the exaction and its status as a secured claim the amount of the penalty must be allowed as a claim against the bankrupt estate notwithstanding the provisions of Section 57, sub. j of the Bankruptcy Act. The district court resolved the question in favor of the trustee in bankruptcy and the Government has appealed. The authorities are in conflict upon the rather narrow issue presented and we have no precedent which is presently controlling of our decision.

It has been held, in support of the Government's position, that

"It may be conceded that section 57, sub. j of the Bankruptcy Act (11 U.S.C.A. § 93, sub. j), precludes the 'allowance' of a claim for penalties, but * * * adjudication in bankruptcy does not affect a valid and existing lien, consequently where a lien exists to support a penalty at the time of adjudication, section 57 j does not come into operation." In re Knox-Powell-Stockton Co., 9 Cir., 1939, 100 F.2d 979, 983.

So too, it has been said with reliance upon the foregoing case,

"While penalties, therefore, are not allowed in claims against bankrupt estates, the past due contributions and penalties, in this case, were supported by the lien provided by state statute. Statutory liens for taxes and debts owing to the United States or any state or subdivision thereof, created or recognized by the laws of the United States or any state, are valid against the trustee in bankruptcy. Title 11 U.S.C.A. § 107, sub. b." Commonwealth of Kentucky ex rel. Unemployment Compensation Commission v. Farmers Bank & Trust Co., 6 Cir., 1943, 139 F.2d 266, 267.

Aligned with the views of the Ninth and Sixth Circuits are Grimland v. United States, 10 Cir., 1953, 206 F.2d 599; In re Urmos, D.C.E.D.Mich.1955, 129 F. Supp. 298; In re John S. Goff, Inc., D.C. Me.1955, 141 F.Supp. 862.

The case for the trustee has been well stated in the dissenting opinion of Judge Simon in Commonwealth of Kentucky ex rel. Unemployment Compensation Commission v. Farmers Bank & Trust Co., supra. There it was said:

"I agree with the opinion of the majority that the exaction imposed by Kentucky law for failure to pay past-due unemployment contributions constitutes a penalty. I am unable to agree that § 57, sub. j of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j, does not come into operation because the Bankruptcy Act preserves liens valid under state law, and this with all due respect for the views of my associates and the opinion of the Circuit Court of Appeals for the Ninth Circuit in the Knox-Powell-Stockton Company case.

"A lien is a charge upon property for the payment or discharge of a debt. It is therefore dependent upon the existence, the amount of, and

---

2. "Debts owing to the United States or any State or subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law". 11 U.S.C.A. § 93, sub. j.

3. 26 U.S.C.A. (I.R.C.1939 as amended) §§ 3670, 3672.

the provability of the debt. If the debt has been paid or otherwise expunged as for fraud or by set-off, the lien is extinguished. An inchoate lien does not ripen into security until a debt comes into existence. In the case of private liens, it may be impermissible to prove a debt because of the Statute of Frauds or the running of the Statute of Limitations.

"Section 57, sub. j, provides that debts owing to the United States or any state or subdivision thereof, as a penalty or forfeiture, shall not be allowed except for the amount of pecuniary loss sustained. I am unable to see how a lien, however valid it may be under state law, will breathe life into an unprovable debt in the face of a provision which deals expressly with debts owing to any state or subdivision. The two provisions of the Bankruptcy Act are not irreconcilable. The tax lien is preserved to the extent that it does not include a penalty and the tax debt, other than the amount of the penalty, is provable. To the extent that the debt is not provable in bankruptcy, the lien ceases for all practical purposes to exist * * * ". 139 F. 2d 267.

Adherence to the principles so announced may be found in In re Burch, D.C.Kan. 1948, 89 F.Supp. 249; In re Hankey Baking Co., D.C.W.D.Pa.1954, 125 F. Supp. 673; In re Lykens Hosiery Mills, Inc., D.C.S.D.N.Y.1956, 141 F.Supp. 895; In re Parchem, D.C.Minn.1958, 166 F. Supp. 724. The district court, in the case before us, declined to follow the majority opinion in Commonwealth of Kentucky ex rel. Unemployment Compensation Commission v. Farmers Bank & Trust Co. and expressed the view that the law is as stated in the minority opinion in that case. In re C. J. Dick Towing Co., D.C.S.D.Tex.1958, 161 [F.Supp. 751. We are in agreement with the district court.

The term "lien", as generally used, is a charge or encumbrance upon property to secure the payment or performance of a debt, duty, or other obligation. It is distinct from the obligation which it secures. 53 C.J.S. Liens § 1, p. 826; Bouvier's Law Dict., Rawle's Rev. 1978. In the absence of an obligation to be secured there can be no lien. In re Hamburger Distillery, Inc., 3 Cir., 1940, 115 F.2d 84. A "tax lien" is merely a security established by statute of which the taxing authority may avail itself in the event of a default in payment. City of St. Petersburg v. Fiore, 160 Fla. 106, 33 So.2d 852. The statutory enactment [4] that the amount of an unpaid tax shall be a lien is, we think, nothing but a shorthand provision creating a tax lien to secure the obligation of the unpaid tax. The penalty is an obligation of the defaulting taxpayer. The character of the obligation as a penalty is not changed, as we view the question, when it becomes a secured obligation. If the Government's claim against the bankrupt continued to be a penalty, and we think it did, and if the Government sustained no pecuniary loss by the act, transaction or proceeding out of which the penalty arose, and it is not so contended, then we conclude that the amount of the penalty was properly excluded from the Government's claim as allowed.

The Supreme Court has stated the rule which we apply in a case where the bankruptcy jurisdiction to adjudicate a state's tax claim was challenged. It said:

"The reorganization court may also adjudicate questions pertaining to the amount of a tax claim secured by a lien without crossing the forbidden line marked by Arkansas Corporation Commission v. Thompson, supra [313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244]. There is, for example, the question whether the amount of the claim has been swollen by the inclusion of a forbidden pen-

---

4. "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien * * *." 26 U.S.C.A. (I.R.C. 1939 as amended) § 3670.

378

alty and thus to that extent does not meet the bankruptcy requirements for proof and allowance of claims. Section 57, sub. j of the Bankruptcy Act provides that debts owing a state as a 'penalty or forfeiture' shall not be allowed." Gardner v. State of New Jersey, 329 U.S. 565, 67 S.Ct. 467, 475, 91 L.Ed. 504.

The quoted language may be dicta in so far as it refers to the question we here decide but we believe it to be an accurate statement of a sound principle.

We are reminded that legislation in aid of the collection of Government revenues should be liberally construed and applied. But we are charged with the duty to give effect to the purpose of Section 57, sub. j which was designed to protect general creditors against a reduction of their dividends from a bankrupt estate by reason of penalties or forfeitures owing by the bankrupt to the United States or one of the States. The judgment of the district court is

Affirmed.