### In the Matter of WNCN, INC., Debtor.

United States District Court
S. D. New York.
July 21, 1965.

Internal Revenue on June 9, 1964. After payment of all the claims, there remained a surplus of $1,207.23. Thereafter the District Director served notices of levy of tax assessments representing penalties which, by stipulation, amount to the sum of $796.72. These funds are being held in escrow pending a determination by this Court of the rights of the debtor corporation and the United States.

The major asset of the debtor, a franchise to operate a radio station, was sold to effect payment of the plan, so that the surplus referred to was to be paid to the stockholders of the debtor in the form of a liquidation dividend. In short, the debtor had paid all its debts after a Chapter XI arrangement and was still solvent and in possession of a surplus fund.

■ The Referee was correct in concluding that he had no jurisdiction to disallow the penalty assessments in question. Section 367 of the Bankruptcy Act provides that upon confirmation of a plan of arrangement the case shall be dismissed; and unless jurisdiction is expressly retained after confirmation of the plan, pursuant to §§ 369 [1] and 370 [2] of the Bankruptcy Act, the Referee has no jurisdiction to adjudicate claims. In Matter of Grayson-Robinson Stores, Inc., 227 F.Supp. 609 (S.D.N.Y.1964); In re Gordon, 44 F.Supp. 581 (S.D.N.Y.), aff'd sub nom. Gordon v. Kleckner, 131 F.2d 863 (2d Cir. 1942). Here the plan having been confirmed and all the allowed claims having been fully paid, these statutory provisions are clearly inapplicable.

■ Furthermore, the surplus remaining in the hands of the debtor, after the full payment of creditors, was available to the District Director for the payment of tax penalties. The debtor's position after termination of the Chapter XI proceeding did not immunize the surplus moneys against penalty tax collection. These penalties have not been challenged as anything but "true" penalties, which

Levin & Weintraub, New York City, for debtor; Benjamin Weintraub, Michael J. Crames, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, for the United States; Dawnald R. Henderson, Asst. U. S. Atty., of counsel.

PALMIERI, District Judge.

This is a petition to review a decision of Hon. Edward J. Ryan, Referee in Bankruptcy, denying the application of a debtor in proceedings under Chapter XI of the Bankruptcy Act to disallow a claim of the Director of Internal Revenue, in the sum of $796.72, representing tax penalties due from the debtor. The Referee held that the Bankruptcy Court was without jurisdiction.

The facts are not in dispute and are substantially the following: A plan of arrangement was confirmed by the Bankruptcy Court on April 15, 1964, pursuant to which all creditors were to be paid 100 percent of their claims in cash. Among the claims thus paid was a tax claim for $8,517.78 paid to the District Director of

---

1. Section 369 permits the Referee to maintain jurisdiction over allowance and disallowance of claims.

2. Section 370 authorizes the Referee to maintain jurisdiction over the bankrupt for the purposes of assuring the payment of allowed claims.

are not dischargeable in bankruptcy.* Sherwood v. United States, 228 F.Supp. 247, 249 (E.D.N.Y.1964); In re Steckler, 195 F.Supp. 879 (S.D.Ind.1961).

In recently holding that post-petition interest on an unpaid tax debt not discharged by the bankruptcy proceedings remains, after bankruptcy, a personal liability of the debtor, the Supreme Court has fairly indicated the validity of the tax authority's recourse to the surplus here for the purpose of collecting tax penalties. See Bruning v. United States, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). The petitioner says this decision is "inapposite and irrelevant to the case at bar in that it concerns post-petition interest exclusively and did not in any way deal with the question of penalties". But the holding cannot permit any logical distinction to be applied here. If a surplus remains available for the payment of post-petition interest, it should remain equally available for the payment of tax penalties. The Supreme Court was careful to point out that the traditional rule allowing interest only to the date of petition, even where tax claims were involved, had no application (at pp. 361–362, 84 S.Ct. p. 908):

> "Finally, petitioner urges that we consider the present case in light of the decision in [City of] New York v. Saper, 336 U.S. 328 [69 S.Ct. 554, 93 L.Ed. 710]. As to claims against the trustee in bankruptcy, the general rule for liquidation of the bankruptcy estate has long been that a creditor will be allowed interest only to the date of the petition in bankruptcy. Sexton v. Dreyfus, 219 U.S. 339 [31 S.Ct. 256, 55 L.Ed. 244]. In [City of] New York v. Saper, supra, this Court held that

the general rule applies to claims against the trustee for taxes as well as for other debts. But the instant case concerns the debtor's personal liability for post-petition interest on a debt for taxes which survives bankruptcy to the extent that it is not paid out of the estate. Petitioner asserts that the traditional rule which denies post-petition interest as a claim against the bankruptcy estate also applies to discharge the debtor from personal liability for such interest even if the underlying tax debt is not discharged by § 17.[3] We hold that it does not so apply."

The Government is correct in asserting that a holding against the District Director here would permit a debtor inconvenienced by tax penalties to do what the debtor did here—enter into an arrangement proceeding, thereby eliminating a valid tax liability, pay all creditors their full amounts, and, having avoided the tax penalties, distribute a surplus to its stockholders.

The Supreme Court made it clear in its Bruning decision (at p. 361, 84 S.Ct. p. 908) that the discharge in bankruptcy provision (§ 17) is not a compassionate section for debtors, but rather the manifestation of a congressional judgment that "certain problems—e. g., those of financing government—override the value of giving the debtor a wholly fresh start"; and one cannot overlook the consideration that "one reason for refusing to make taxes dischargeable is the desire to prevent tax evasion". See 83 Cong. Rec. 9106 (1938).

The petition to review the order of the Referee is dismissed.

It is so ordered.

---

* If these penalties involved a "pecuniary loss", a very different case would be presented, for such penalties are dischargeable.

3. Section 17 of the Federal Bankruptcy Act, 11 U.S.C. § 35, provides in relevant part:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are due as a tax levied by the United States * * *."