JOSEPH COHEN, Appellant, *v.* MOSES PECHARSKY, Respondent.

(Supreme Court, Appellate Term, March, 1910.)

Bankruptcy: Proof and payment of claims — Debts provable — Contingent liability: Discharge of bankrupt — Debts affected — Discharge of contingent liability.

Although the Bankruptcy Act of 1898 does not expressly provide that contingent claims are provable, such a liability is a debt " upon a contract express or implied " under section 63a (4) of that act.

The holder of a note indorsed by a bankrupt, which matured after the filing of the petition in bankruptcy but within the time allowed for filing proofs of claim, may prove the same against the estate.

Where, in an action against the defendant as maker of three promissory notes and as indorser of another which matured after the filing of a bankruptcy petition against him, it appears that the indorsed note and two of the others were given prior to the filing of the petition in bankruptcy against defendant and the other note two days thereafter, and there is no evidence that the latter was for an antecedent debt, though the indorsed note was not actually proved against the estate, the defendant's discharge in bankruptcy is a defense to all of the notes except the one given after the filing of the petition in bankruptcy.

A judgment for defendant upon all four notes should be reversed, and a new trial granted.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, second district, borough of The Bronx, rendered in favor of the defendant after a trial by the court without a jury.

Louis Levene, for respondent.

Kuck & Goodman, for appellant.

WHITNEY, J. This is an action against the defendant as the maker of three promissory notes and accommodation indorser of a fourth. The only serious defense is the discharge of the defendant in a bankruptcy proceeding com-

menced by petition filed April 14, 1904. Two of the notes of which he was the maker were made prior to that date, and there is no serious doubt that as to those he was discharged. The third, however, is dated April sixteenth, two days after the petition was filed. There is no evidence that it represented an indebtedness previously existing. Hence as to this note he was not discharged.

The note upon which defendant was accommodation indorser was given prior to the filing of the petition, but it did not fall due until thereafter. It was, therefore, at the time of filing the petition, merely a contingent liability. Whether the contingent liabilities of a bankrupt are provable under the present law was at first a matter of dispute, and there were several decisions holding that they were not provable. These decisions were afterward overruled, and it is now well settled that the holder of a note indorsed by the bankrupt, although it fall due after the filing of the petition, but within the time allowed for the filing of proofs of claim, may prove it against the estate and have it allowed, in case the contingent liability, upon the due date of the note, becomes an actual liability. Although the present bankruptcy law does not expressly provide that contingent claims are provable, as did the Laws of 1841 and 1867, nevertheless such a liability is held to be a debt "upon a contract express or implied" under section 63a (4). Moch v. Market Street National Bank, 107 Fed. Rep. 897; Matter of Philip Semmer Glass Co., 135 id. 77. The reasoning is fully set forth by Brown, J., in Matter of Smith, 146 Fed. Rep. 923. Hence this note was provable; and, therefore, although it was not actually proved, it had been discharged by section 17 of the law.

Since, however, judgment was entered for the defendant upon all four notes, it should be reversed and a new trial ordered, with costs to abide the event.

Seabury and Guy, JJ., concur.

Judgment reversed and new trial ordered, with costs to abide event.