## In re ABRAMSON et al.

### (Circuit Court of Appeals, Second Circuit. January 13, 1914.)

#### No. 89.

BANKRUPTCY (§ 314*)—CLAIMS—ALLOWANCES—PROOF—JUDGMENT IN FAVOR OF STATE—PENALTIES.

Bankr. Act July 1, 1898, c. 541, § 57j, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), provides that debts owing a state as a penalty or forfeiture shall not be allowed except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, etc., and section 63a declares that debts of a bankrupt may be proved and allowed against his estate which are a fixed liability as evidenced by a judgment or an instrument in writing absolutely owing at the time of the filing of the petition against the order, then payable or not, etc. *Held*, that a judgment recovered against the bankrupts by the state for their alleged violation of Agricultural Law (Consol. Laws N. Y. 1909, c. 1) § 32, in selling or offering skimmed milk for sale without marking the containers with a label showing that it was skimmed and not pure milk, was not provable, nor allowable, not being a fixed liability, except to the extent of the pecuniary loss the state sustained by the act out of which the penalty arose, together with costs and interest as provided by section 57j.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 469–473, 478, 483–487, 489, 490; Dec. Dig. § 314.*]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of bankruptcy proceedings of Nathan Abramson and Aaron Fichhandler, individually and doing business as Shavertown Creamery Company. Petition by Aaron Fichhandler to revise an order denying a petition to stay the enforcement of a judgment recovered by the state of New York against the bankrupts for violation of the Agricultural Law, § 32. Affirmed.

Lewkowitz & Schaap, of New York City, for petitioners.

Thomas Carmody, Atty. Gen. (Robert P. Beyer, Dept. Atty. Gen., of counsel), for respondent.

C. Wickersham, of New York City, amicus curiæ.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. February 17, 1911, the state of New York recovered in a civil action the sum of $17,241.13 against the Shaver-

town Creamery Company, as penalties for violation of section 32 of the Agricultural Law, in selling or offering for sale skimmed milk, without marking the containers with a label showing that it was skimmed and not pure milk. Subsequently it brought another action for similar penalties of $16,600.

May 3, 1913, Abramson and Fichhandler, copartners, trading as the Shavertown Creamery Company, were, on their own petition, adjudicated bankrupts, both individually and as partners.

May 12th the bankrupts filed a petition in the District Court asking that the state of New York, as plaintiff, be stayed from enforcing the said judgment or prosecuting the said action until 12 months after the adjudication, or, if within that time the bankrupts should apply for a discharge, then until the question of the discharge be determined. Judge Holt denied this petition on the ground that the debts were not provable by virtue of the provisions of section 57j and were therefore not dischargeable under section 17 of the Bankruptcy Act.

The bankrupts contend that there is a difference between the proof and the allowance of a claim and say that the judgment may be proved under section 63a, even though section 57j prevents it from being allowed. The provisions of sections 63a and 57j are as follows:

"Sec. 63 (a) Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest; (2) due as costs taxable against an involuntary bankrupt who was at the time of the filing of the petition against him plaintiff in a cause of action which would pass to the trustee and which the trustee declines to prosecute after notice; (3) founded upon a claim for taxable costs incurred in good faith by a creditor before the filing of the petition in an action to recover a provable debt; (4) founded upon an open account, or upon a contract express or implied; and (5) founded upon provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge, less costs incurred and interests accrued after the filing of the petition and up to the time of the entry of such judgments."

"Sec. 57 (j) Debts owing to the United States, a state, a county, a district, or a municipality as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law."

Therefore they say that the judgment being a provable debt is dischargeable under section 17, which provides that a discharge in bankruptcy shall release a bankrupt from all his provable debts, with certain exceptions which do not cover this judgment.

It must be admitted that on the face of things this argument is logical. However, the provisions under consideration are not wholly harmonious and we would not come to a conclusion so against public policy as that Congress intended bankrupts to be released from all liability for violating laws passed to protect the health of the community unless absolutely compelled to do so. Considering section 63 alone, neither penalties for violations of law nor damages arising out of such violation can be proved because they are claims in tort. On the other

hand, a judgment recovered before adjudication for a definite sum could be proved, irrespective of the cause of action. But section 57j takes away from judgments for penalties their character as fixed liabilities. If the legislation stopped there, such judgments could not be proved under section 63a and would not be discharged under section 17. But section 57j in favor of the lawmaker further provides that he may recover any pecuniary damage sustained because of the act of violation. Reading the two sections together, we think that judgments for penalties are not debts which can be proved or allowed as such because they are not for a fixed liability, but that any pecuniary loss the lawmaker has sustained by the act out of which the penalty arose, together with actual and reasonable costs and interest, may be proved because of the provision in section 57j. So construed the act is perfectly reasonable. The lawmaker who has suffered no pecuniary loss is not permitted to share in the assets of the estate with creditors who have. On the other hand, bankrupts who have violated laws passed for the public good cannot escape punishment by going into bankruptcy. The order is affirmed.