In the Matter of the Application of JOSEPH ABELOVE for an Order Directing the Cancellation of Record of Certain Judgments.

Supreme Court, Oneida County, October 27, 1930.

*Tumposky & Tumposky*, for the petitioner.

*Hamilton Ward, Attorney-General* [*Pirnie Pritchard*, special attorney for the Department of Law], for judgment creditor, People of the State of New York.

DOWLING, J. The petitioner, Joseph Abelove, on the 31st of July, 1924, filed a voluntary petition in bankruptcy in the United States District Court for the Northern District of New York. On August 21, 1924, he was adjudicated a bankrupt. In his bankruptcy schedules he duly listed all of the judgments herein, and due and

proper notice of his adjudication in bankruptcy was given to all of the judgment creditors herein.

On the 7th of March, 1925, in a proper proceeding, notice of which was given to all the said judgment creditors, he was granted a discharge in the United States District Court of Northern New York. He now makes application, pursuant to section 150 of the Debtor and Creditor Law of the State of New York (as amd. by Laws of 1922, chap. 77), for a discharge from the judgments herein which were docketed against him in the Oneida county clerk's office prior to his adjudication in bankruptcy.

Before the filing of the petition in bankruptcy the People of the State of New York instituted an action against petitioner to recover a penalty in the amount of $100, for a violation, by petitioner, of the Farms and Markets Law of the State of New York. In this action the People recovered a judgment for $100, penalty damages, and $91.97, costs and disbursements of said action, making a total of $191.97. Said judgment was docketed in the Oneida county clerk's office, October 9, 1924.

The People of the State of New York oppose the discharge of petitioner from said judgment upon the ground that it was not provable in said bankruptcy proceedings and, therefore, he is not dischargeable therefrom in this proceeding.

A judgment recovered by a State as a penalty for violation of a State statute is not provable in bankruptcy, except as to the portion thereof relating to costs and disbursements accruing in the action terminating in such judgment. (*Matter of Abramson*, 210 Fed. 878.) The State of New York proved no claim for the whole, or any part, of said judgment in said bankruptcy proceeding, although it could have proved a claim in the amount of ninety-one dollars and ninety-seven cents, with accrued interest, representing the costs and disbursements recovered in said action. Its failure to make proof of its claim in that amount constituted no bar to a discharge of said judgment to that extent. (*Cohen* v. *Pecharsky*, 67 Misc. 72.) While the petitioner is not entitled to a full discharge from said judgment, he is entitled to a discharge therefrom to the extent of ninety-one dollars and ninety-seven cents, with accrued interest thereon since October 9, 1924, as if upon an execution returned partly satisfied, and to an order directing the clerk of the county of Oneida to make an appropriate entry upon the docket of said judgment to that effect. (Rules Civ. Prac. rule 204.)

A proceeding by a bankrupt to be discharged from judgments rendered against him is a special proceeding wherein findings are appropriate. (*Guasti* v. *Miller*, 203 N. Y. 259, 262.)

Findings and order accordingly.