## In re FRIEDLIN.

District Court, S. D. New York.

Dec. 7, 1937.

Sidney Moskowitz, of New York City, for bankrupt.

George F. Blake, of New York City, for American Bonding Co. of Baltimore.

MANDELBAUM, District Judge.

The relief sought on this motion is for an order vacating a restraining order obtained by the bankrupt ex parte on September 29, 1937.

In September, 1934, the bankrupt, William Friedlin, also known as Will Friedlin, and one Phillip Segal, applied to the American Bonding Company of Baltimore, the judgment creditor herein, for a bond, the purpose of which was to support an application to the state of New York for a liquor license. The license was granted, but was thereafter revoked for violating the Alcoholic Beverage Control Law, Consol.Laws, c. 3-B. The state of New York demanded payment on said bond from the judgment creditor, and subsequently the amount therein named was paid. The judgment creditor, having become subrogated to the right of the state of New York against the bankrupt by virtue of the aforesaid payment by it, instituted suit against the bankrupt and his co-licensee, and obtained a judgment against them for the amount paid by it to the state of New York. Pending an examination in supplementary proceedings, the bankrupt filed a voluntary petition in bankruptcy and obtained the restraining

order which is now being sought to be vacated.

The judgment creditor contends that it is entitled to be reimbursed for the amount of its pecuniary loss by reason of the act out of which the forfeiture or penalty arose, and that the debt is not one that is dischargeable in bankruptcy, but is one that grows out of a penalty as provided for under section 57j of the Bankruptcy Act, 11 U.S.C.A. § 93(j). The bankrupt disputes this contention, arguing that the judgment creditor is a general creditor of the estate, and that his claim is an ordinary one provable in bankruptcy. The determination of this motion depends upon the construction of section 57j of the Bankruptcy Act, 11 U.S.C.A. § 93(j). The said section reads as follows: "Debts owing to the United States, a State, a county, a district, or a municipality as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual cost occasioned thereby and such interest as may have accrued thereon according to law."

From the above language, it would appear that, had the state of New York been the claimant instead of the judgment creditor herein, the provisions of the said section would apply and reimbursement to the amount of the pecuniary loss sustained would follow. What confronts this court, therefore, is whether the judgment creditor, as subrogee of the state of New York, can claim the rights accorded to the state of New York, under section 57j. In my opinion, the answer should be in the negative.

The language of the section makes it evident that it was the congressional intent that this statute inure to the benefit of the United States, a state, a county, a district, or municipality, and no one else. Were it intended to apply to others, it could have readily been provided for by appropriate language. Ordinary canons of statutory construction support this view.

While the state's claim arose out of a forfeiture, the creditor's claim or debt was merely based upon a written agreement providing for indemnification by the bankrupt for any loss sustained by the creditor. The words, "pecuniary loss," found in section 57j, apply to the United States, a state et seq. At bar, the state

suffered no pecuniary loss because the face amount of the bond was paid to it by the judgment creditor. I hold, therefore, that the American Bonding Company of Baltimore is a judgment creditor of the bankrupt with a provable claim against the bankrupt estate as represented by its judgment based upon the indemnity agreement entered into between itself and the bankrupt.

The motion to vacate the restraining order is accordingly denied.