In the Matter of NEW AMSTERDAM CASUALTY COMPANY, Judgment Creditor, against NEIL McMAHON, Judgment Debtor.

Supreme Court, Special Term, New York County, October 28, 1949, on reargument November 15, 1949.

*Harry Salvan* for judgment creditor.

*Max Feinberg* for Helen McMahon appearing specially.

MILLER, J. The judgment creditor, by paying the People of the State of New York the amount of the forfeited bond, became subrogated to the rights of the People. The People's claim, being for a penalty, was not provable in bankruptcy, and it was not affected by the discharge (*Matter of Abrahamson,* 210 F. 878; *Matter of Abelove,* 138 Misc. 241). "[The] insurer must prove the creditor's claim, not his own. * * * This view that a person secondarily liable proves only in the right of the

creditor, not upon an agreement, express or implied, of indemnity, seems to be generally supported by commentators." (*Matter of Miller*, 105 F. 2d 926, 929.) As the judgment creditor could therefore not prove a claim on the indemnity agreement, but only possessed the right, by subrogation, of the People (which was not provable) the judgment is not discharged. The motion to vacate the third-party order based upon the judgment on the ground that the judgment has been discharged is accordingly denied. The third party is directed to appear for examination at Special Term, Part II, New York County, on November 1, 1949, at 10:00 A. M.

(On reargument, November 15, 1949.)

Whether the judgment creditor's claim was discharged in bankruptcy depends upon whether it was a provable claim, for section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35) provides for the bankrupt's discharge only from "*provable debts.*" (Italics supplied.) The claim of the People of the State of New York, being for a penalty, would not have been provable in bankruptcy and would therefore not have been affected by the discharge (*Matter of Abrahamson*, 210 F. 878; *Matter of Abelove*, 138 Misc. 241). The judgment creditor, on paying to the People of the State of New York the amount of the forfeited bond, became subrogated to the People's rights, for the doctrine of subrogation applies wherever a surety makes payment, even to the State, " save in the case of bail given for a person charged with crime " (*United States Fidelity & Guar. Co.* v. *Carnegie Trust Co.*, 161 App. Div. 429, 432, affd. on opinion below, 213 N. Y. 629; see, also, to the same effect, 60 C. J., Subrogation, pp. 702, 777). The judgment creditor did not, however, by subrogation acquire any greater rights than the People, whose claim it paid (60 C. J., Subrogation, p. 751), and if the People could not prove their claim neither could the judgment creditor.

Nor was the claim of the judgment creditor provable on the theory that the latter possessed a claim against the bankrupt for reimbursement based upon an express agreement to indemnify. In every case where a surety makes payment there is an agreement to indemnify, either express or implied. As the Circuit Court of Appeals in this circuit said in *Matter of Miller* (105 F. 2d 926, 929) in discussing *Williams* v. *United States Fidelity & Guar. Co.* (236 U. S. 549) : " True, the bankrupt there had entered into a specific contract of indemnity, but the Court states that this was no more than would have been implied under the circumstances." To hold that a surety pay-

ing a claim possesses a claim against the bankrupt on the latter's indemnity agreement in addition to a claim as subrogee would give the surety in most cases two provable claims. That this would not be desirable was indicated in *Matter of Miller* (*supra,* p. 929) where the court said: " By such proof, [i.e. in the right of the creditor] ample protection is accorded the surety without the danger of double proof ". The court took the view that (p. 929) " a person secondarily liable proves only in the right of the creditor, not upon an agreement, express or implied, of indemnity ", a doctrine " generally supported by commentators ". The opinion pointed out that subdivision i of section 57 of the Bankruptcy Act (U. S. Code, tit. 11, § 93) expressly provides that where a creditor's claim is secured by the individual undertaking of a person, the latter may prove in the creditor's name, and that " if he discharge such undertaking in whole or in part, he shall be subrogated to that extent to the rights of the creditor."

It follows that the only claim which the judgment creditor had against the bankrupt was as subrogee of the People's claim, and that, since the People had no right to prove their claim the judgment creditor, as subrogee, was subject to the same disability. The claim was therefore not discharged in bankruptcy.

The case of *Matter of Friedlin* (21 F. Supp. 542) cited by the judgment debtor, was considered by the court before it rendered its original decision. The case proceeded upon the theory that the surety had a provable claim upon the indemnity agreement. This assumption is, however, at variance with the views *subsequently* expressed by the Circuit Court of Appeals in *Matter of Miller* (*supra*). The reasoning of the District Court is also inconsistent with general principles of subrogation (*United States Fidelity & Guar. Co.* v. *Carnegie Trust Co., supra*) and the language of subdivision i of section 57 of the Bankruptcy Act which expressly permits subrogation when a surety pays a claim.

Although the complaint in the action which resulted in the judgment now sought to be enforced by the surety contained allegations regarding the express agreement of indemnity, the facts alleged, even in the absence of reference to the indemnity agreement, were sufficient to entitle the surety to recover on the theory of subrogation. The judgment may, therefore, be treated as one based on subrogation as well as upon the indemnity agreement.

The motion for reargument is granted but the original disposition is adhered to.