HARTFORD ACCIDENT AND INDEMNITY COMPANY, Plaintiff, *v.* PAULINE CASALINO, Defendant.

Supreme Court, Special Term, New York County, November 9, 1949.

*Samuel Jacobs* for defendant.

*Harry Salvan* for plaintiff.

KOCH, J. Motion to cancel and discharge judgment against bankrupt. The respondent, as surety, gave its bond pursuant to agreement with the movant. The bond was required by the

State Liquor Authority upon issuing a license to movant to insure her compliance with the Alcoholic Beverage Control Law. That the security was in the nature of a penalty cannot be disputed. The movant was found guilty of a violation of the aforesaid law, and the bond was declared forfeited. The surety thereupon paid the State the full amount of the bond, and brought suit against the movant for that amount. From a reading of the complaint in that action, and considering the fact that the four-month contractual limitation contained in the bond had expired before the commencement of the action, it is clear that the surety enforced its rights to reimbursement rather than as a subrogee of the State. Sometime after the surety obtained judgment in the action, the movant went into bankruptcy. The surety did not assert its judgment at that proceeding but has waited and now seeks to levy execution on the judgment after movant's discharge in bankruptcy.

It is movant's contention that judgment debt was discharged in bankruptcy. It is respondent's contention that the bond was a penalty due the State and under the Bankruptcy Act (§ 57, subd. [j]; U. S. Code, tit. 11, § 93, subd. [j]) was not dischargeable in bankruptcy, citing *Matter of Abrahamson* (210 F. 878).

The court finds that the debt was dischargeable in bankruptcy under the circumstances. As the debt was paid in full before bankruptcy, the surety became the creditor, and the State was eliminated. (*Wright* v. *Rumph*, 238 F. 138.) While it is true that the surety was subrogated to the rights of the State, it never sought to enforce those rights, and there is some question as to whether it could have in the view of the four-month limitation contained in the bond. (*Continental Cas. Co.* v. *National Slovak Sokol*, 269 N. Y. 283.)

The surety having obtained his judgment on the theory of indemnification, it is entitled to no better position than that of a general creditor. The protection of subdivision (j) of section 93 will be transposed from the State to the surety, only if the surety stands in the place of the State, and not when the surety has acted on its own agreement with the debtor. (*Matter of Friedlin*, 21 F. Supp. 542.) Accordingly the motion is granted. Settle order.