THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* J. G. MENIHAN CORP., Defendant.

Supreme Court, Special Term, Monroe County, May 9, 1952.

*Paul Reed Taylor* for defendant.

*Nathaniel L. Goldstein, Attorney-General (Harold W. Founks* of counsel), for plaintiff.

ROBERTS, J. On or about August 7, 1950, defendant filed a petition for reorganization under chapter X of the Bankruptcy Act (U. S. Code, tit. 11). Thereafter said petition was amended and relief applied for under chapter XI of said act. On November 15, 1950, the State of New York filed a claim in said bankruptcy proceeding in the sum of $6,009.64 for contributions due for unemployment insurance, which said claim was proved, allowed, and paid in full on January 11, 1951.

Prior to the bankruptcy proceeding and during the year 1949 the defendant corporation failed to file its payroll reports for the first quarter which were due April 30, 1949. On May 19, 1949, the Industrial Commissioner made a demand upon the defendant, requiring the filing of such reports within twenty days. The defendant failed to comply with such demand within the time specified, and on July 13, 1949, the Industrial Commissioner issued a determination imposing a penalty of $500 pursuant to subdivision 2 of section 575 of the Unemployment Insurance Law (Labor Law, art. 18). At the request of the defendant, a hearing was subsequently held on said penalty before an unemployment insurance referee, who rendered a decision on March 16, 1950, sustaining the imposition of the penalty. The amount of this penalty was not included in the claim of $6,009.64 filed by the State in the bankruptcy proceedings.

On November 25, 1950, an order was made by the United States District Court for the Western District of New York, requiring the State of New York and the Department of Taxation and Finance of said State, among others, to file any claims for taxes or nontax debts of the debtor, the liability for which arose prior to the bankruptcy proceeding, prior to the confirmation of an arrangement in said proceeding, which order further provided that upon failure to file such claims within the time fixed, no such claims could thereafter be filed or asserted against the trustee or against the defendant corporation. The plaintiff thereafter filed no claim for the penalty and the reorganization was terminated on January 22, 1951, and the defendant was discharged of its obligations. On January 3, 1952, the Industrial Commissioner filed a warrant as a judgment against the defendant pursuant to subdivision 2 of section 573 of the Unemployment Insurance Law, for the sum of $581.97, representing the penalty of $500, together with $81.97 interest. It is to discharge this judgment that the present application is made.

Section 150 of the Debtor and Creditor Law authorizes the discharge of a judgment representing a debt from which the

judgment debtor has been discharged in bankruptcy. A discharge in bankruptcy releases a bankrupt only from his provable debts. (U. S. Code, tit. 11, § 35.) It must be assumed that the order of the District Court above referred to, related only to the filing of claims provable and allowable under the Bankruptcy Act as the authority of the court to make such order would necessarily be limited to such claims.

A debt owing to the State as a penalty or forfeiture is not a provable or an allowable claim in bankruptcy except for the pecuniary loss sustained, with costs occasioned thereby, and such interest as may have accrued thereon. (U. S. Code, tit. 11, § 93, subd. [j].) The penalty imposed against the defendant corporation was not a provable or an allowable claim or dischargeable in bankruptcy, and hence, the judgment so far as it represents such penalty is not subject to cancellation and discharge. (*Matter of Abelove,* 138 Misc. 241; *Matter of York Silk Mfg. Co.,* 188 F. 735, affd. 192 F. 81, appeal dismissed 232 U. S. 718, certiorari denied 232 U. S. 724; *Matter of Abramson,* 210 F. 878. See, also, *Matter of New Amsterdam Cas. Co.* v. *McMahon,* 196 Misc. 746, and *Hartford Accident & Ind. Co.* v. *Casalino,* 196 Misc. 811, affd. 276 App. Div. 834, affd. 301 N. Y. 715, certiorari denied 340 U. S. 936.)

The judgment included the sum of $81.97, which represented interest upon the penalty, and as such interest represented an allowable claim in bankruptcy, the defendant is entitled to a discharge from said judgment to the extent of such interest item. (*Matter of Abelove,* 138 Misc. 241, *supra.*) Defendant is entitled to an order directing the Clerk of the County of Monroe to make an appropriate entry upon the docket of such judgment showing a discharge thereof to the extent of $81.97, as if upon an execution returned partly satisfied, and otherwise the motion is denied without costs.