Ogden M. SHERWOOD, Plaintiff,

v.

UNITED STATES of America and Thomas E. Scanlon, District Director of Internal Revenue for the Eastern District of New York, Defendants.

UNITED STATES of America, Plaintiff,

v.

John MULLER and Leonardo Casanova, Defendants.

Nos. 62–C–896, 63–C–805.

United States District Court
E. D. New York.
April 7, 1964.

M. Francis Bravman, New York City, for plaintiff Ogden M. Sherwood (Charles L. Kades, New York City, of counsel).

Joseph P. Hoey, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., for defendants United States of America and Thomas E. Scanlon, District Director of Internal Revenue for Eastern District of New York, and for plaintiff United States of America (Stanley F. Meltzer, Asst. U. S. Atty., and James N. McCune, Atty., Department of Justice, Washington, D. C., of counsel).

John F. Woog, Garden City, L. I., N. Y., for defendant John Muller.

Candee & Wolf, New York City, for defendant Leonardo Casanova (Atwood C. Wolf, Jr., New York City, of counsel).

BARTELS, District Judge.

Motion by plaintiff Ogden M. Sherwood during trial to dismiss the Government's claim upon the ground that the assessment against him for the failure to collect and pay over certain income and Social Security taxes required to be withheld by a corporation of which he was an officer, was a penalty.

Sherwood was secretary-treasurer of a corporation known as Gillmors, Inc. which was forced to discontinue business in July, 1957. During the first and second quarters of that year the corporation withheld from the wages of its employees the required Federal income taxes and F.I.C.A. (Social Security) taxes but failed to pay the same to the Internal Revenue Service. Section 6672 of the Internal Revenue Code of 1954, 26 U.S.C.A. (Code) provides that any person who is required to collect or account for or pay over such taxes and wilfully fails to do so shall in addition to other penalties provided by law, "be liable to a penalty equal to the total amount of the tax" not collected, accounted for or paid over. Section 6671 of the Code defines an officer or employee of a corporation as a person required to collect, account for and pay over such taxes, who as such officer or employee "is under a duty to perform the act in respect of which the violation occurs."

On November 15, 1957, Sherwood filed a voluntary petition in bankruptcy in this court and was discharged on June 17, 1959. The Government did not file any proof of claim and the petition in bankruptcy stated that there were no taxes due to the United States. In October, 1959, and again in December, 1960, Sherwood was notified by the Internal Revenue Service of a proposed 100% penalty assessment. On March 3, 1961, the Internal Revenue Service assessed a 100% penalty against Sherwood as well as against the president and the chairman of the board of directors and the major

stockholders of Gillmors, Inc. pursuant to Section 6672. Sherwood then instituted an action seeking the recovery of $47.14, representing the Social Security taxes for the first and second quarters of 1957 imposed upon wages of one of the employees of Gillmors, Inc. and also seeking the removal of a cloud upon Sherwood's title to his property resulting from a lien and levy asserted by the Government in order to enforce the penalty assessment. The Government served a counterclaim in the sum of $40,528.64, representing the amount allegedly remaining unpaid pursuant to the aforesaid penalty assessment.

One of the crucial issues raised in this case as far as Sherwood is concerned is whether he was released from his liability for the penalty assessment pursuant to Section 6672 by reason of his prior discharge in bankruptcy. The resolution of this issue depends upon the construction of Section 63, sub. a, Section 57, sub. j and Section 17 of the Bankruptcy Act, 11 U.S.C.A. §§ 103, 93, 35 (the Act).

Section 63, sub. a refers to debts which may be proved and allowed against the bankrupt's estate but does not include any reference to penalties.

Section 57, sub. j reads as follows:

"Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law."

Section 17 sets forth debts which are not affected by discharge and provides in part:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are due as a tax levied by the United States, or any State, county, district, or municipality".

In essence, plaintiff claims that the Government's assessment was in the nature of a penalty involving a pecuniary loss and that such penalty was an allowable claim under Section 57, sub. j and as such, was a provable claim and dischargeable under Section 17. It is well established that if the assessment were a penalty in the true sense of the word, it would not be allowable under Section 57, sub. j and would not be dischargeable under Section 17.[1] There is an apparent inconsistency between Section 63, sub. a and Section 57, sub. j in that the former omits reference to the provability or non-provability of claims for fines and penalties. As stated in 3 Collier, Bankruptcy, § 63.12: "The Bankruptcy Act makes specific provision only for the disallowance of governmental claims for penalties and forfeitures. It does not expressly say that a fine or penalty claim asserted by the United States or any state or subdivision thereof is not *provable*, and considering that such a penalty claim may be based on a 'judgment' in the broad sense of the term, it might seem that a fine or penalty imposed by a judgment would be provable and allowable under § 63a(1), notwithstanding § 57j. The courts have rightly decided otherwise. \* \* \*"

The courts have solved this inconsistency from the standpoint of dischargeability rather than provability. The theory is that the Government would be frustrated in the enforcement of its edicts if the debtor could escape liability for his penalties by simply filing a petition in bankruptcy and shifting the burden to his creditors. To prevent the debtor from thus discharging his penalties and transferring his punitive liability to his innocent creditors, he has

1. Matter of Abramson, 2 Cir. 1914, 210 Fed. 878; In re Steckler, S.D.Ind.1961, 195 F.Supp. 879; see People v. J. G. Menihan Corp., 1952, 201 Misc. 1037, 112 N.Y.S.2d 174.

been denied a discharge of such penalties in his bankruptcy proceeding. Since such true penalties, whether or not secured by a lien, are clearly not dischargeable, it follows that they are not provable. Simonson v. Granquist, 1962, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557; In re Parchem, D.C.Minn.1958, 166 F. Supp. 724; Matter of Abramson, supra; 3 Collier, Bankruptcy, § 63.12.

■ True penalties and forfeitures being unprovable and reference being made only to allowability of pecuniary loss penalties in Section 57, sub. j, the question is still left open whether such pecuniary loss penalties are provable. Collier in speaking of Section 57, sub. j says: "The subdivision has no direct bearing on either provability under § 63 or dischargeability of debts under § 17. It deals with *allowance* exclusively ('* * * shall not be allowed * * *') and permits, therefore, of no inference that certain claims may not be proved or cannot be discharged." 3 Collier, Bankruptcy, § 57.22. The authors further make a distinction between provability and allowability stating that "The court may disallow a claim because it does not constitute a debt provable under § 63 * * *". Id., § 63.05. As indicated in Matter of Abramson, supra, the provisions of the Act are not "wholly harmonious". From this omission concerning provability an argument might be made that no penalty debts of any kind including a pecuniary loss penalty allowable under Section 57, sub. j, are provable under Section 63, sub. a. From this it might be concluded that being only allowable and not provable, such pecuniary loss penalties as well as other penalties survive bankruptcy. Such a conclusion would be inconsistent with the meaning of allowability and a distortion of Section 63, sub. a. It is only logical and reasonable to hold that if a pecuniary loss is included in the penalty and allowable under Section 57, sub. j, Congress must of necessity have intended that the same be provable and hence dischargeable under Section 17. The apparent hiatus in the Act will not sustain the Government's claim of survivability. But this result does not necessarily determine the real issue in the case.

When the officers of Gillmors, Inc., including Sherwood, failed to pay over to the Government the income and F.I.C.A. taxes collected from Gillmors' employees, the Government sustained a pecuniary loss and the penalty imposed upon Sherwood fell within the exception of Section 57, sub. j as an allowable claim. From this premise plaintiff argues that his claim is dischargeable under Section 17 and he cites in support of his position In re Haynes, D.C.Kan.1949, 88 F.Supp. 379; In re Serignese, D.Conn.1963, 214 F.Supp. 917; United States v. Mighell, 10 Cir. 1959, 273 F.2d 682. These cases are not apposite. Haynes and Serignese did not adjudicate the dischargeability of the Government's claim for income and Social Security taxes but merely related to the allowability of a pecuniary loss penalty in bankruptcy under Section 57, sub. j. The Mighell case only held that an income tax penalty secured by a pre-bankruptcy lien did not survive bankruptcy because it had been reduced to a lien. The rationale of this case, however, was rejected in the subsequent Supreme Court case of Simonson v. Granquist, supra, which held that the obligation to pay the non-pecuniary loss was not allowable even though reduced to a lien. None of these cases concern the issue here presented.

## II

■ The ultimate issue in this case is not provability or allowability but dischargeability of the Government's claim. Section 17 of the Act excludes from dischargeability a provable debt which is due as a tax levied by the United States. Section 6671 of the Code states that the penalties and liabilities assessed against the corporate officers "shall be assessed and collected in the same manner as taxes" and that when reference is made to a "tax" imposed by that title, it shall also refer to "penalties and liabilities". Section 6672

states that the persons liable shall be liable to a penalty "equal to the total amount of the tax" unaccounted for.

In Botta v. Scanlon, 2 Cir. 1963, 314 F. 2d 392, and cases cited therein, the court treated this penalty as a tax subject to the statute prohibiting suits to restrain assessments or collection of taxes. In City of New York v. Feiring, 1941, 313 U.S. 283, 61 S.Ct. 1028, 85 L.Ed. 1333, the New York City sales tax collectible alternatively from the buyer or the seller was held to be a tax entitled to priority of payment from the seller's bankrupt estate within the meaning of Section 64 of the Act. In United States v. State of New York, 1942, 315 U.S. 510, 62 S.Ct. 712, 86 L.Ed. 998, it was expressly held that the withholding taxes collectible by an employer from an employee have all the characteristics of a tax. As remarked by the court, Section 64, sub. a(4) of the Act "includes any 'pecuniary burden laid upon individuals or property for the purpose of supporting the government,' by whatever name it may be called. State of New Jersey v. Anderson, 203 U.S. 483, 492, 27 S.Ct. 137, 140, 51 L.Ed. 284." (pp. 515–516 of 315 U.S., p. 715 of 62 S.Ct., 86 L.Ed. 998) and that "The burden of the tax provided for by §§ 801 and 802 likewise will normally rest upon the employee, but the Commissioner of Internal Revenue may proceed to collect it from the employer whether or not he has deducted it from the wages of the employee." (p. 515 of 315 U.S., p. 714 of 62 S.Ct., 86 L.Ed. 998). For all intents and purposes these cases place the obligation to collect the tax in the same category as the tax itself. An officer of a corporation who has a duty to collect taxes for the Government and who wilfully fails to do so is in the same position as the corporate employer itself. This liability is not a penalty as that term is generally used, but in reality is a liability for a tax originally imposed upon the corporation and shifted to the

corporate officer upon his default. Being a tax due from the bankrupt to the United States, this penalty was therefore not dischargeable under Section 17.[2]

Accordingly, the case will proceed to determine whether or not Sherwood was under the duty to collect and pay over said taxes and if so, whether he wilfully violated this obligation.

---

2. Cf., Simonson v. Granquist, supra, and Bruning v. United States, 1964, 84 S.Ct. 906, the former holding that the underlying penalty supporting the lien and not the lien was the deciding factor, and the latter holding that even interest on unpaid tax debts survived bankruptcy.