**In re ROSS NURSING HOME, Partnership, Debtor.**

**ROSS NURSING HOME, Partnership, Plaintiff,**

v.

**Jean H. TUTHILL, Treasurer, Suffolk County Treasurer's Office, Defendant.**

**Bankruptcy No. 76 B 3478.**

United States Bankruptcy Court, E. D. New York.

Jan. 2, 1980.

Arutt, Nachamie, Benjamin, Lipkin & Kirschner, P. C., New York City, for debtor-plaintiff by Samuel A. Arutt, New York City.

Howard E. Pachman, County Atty., Hauppauge, N. Y., for defendant by John C. Bivona, Asst. County Atty., Huntington, N. Y.

## DECISION

BORIS RADOYEVICH, Bankruptcy Judge.

This is an adversary proceeding commenced by the chapter XII debtor in possession ("debtor") against the County of Suffolk ("county") in which the debtor seeks a determination that section 57j of the Bankruptcy Act, 11 U.S.C. § 93(j)(1976), requires the disallowance of penalties and interest charges levied as a result of the debtor's failure to pay certain pre-petition real property taxes.

The undisputed facts are these. On December 1, 1976, the debtor became liable to the county for taxes on its real property for the tax year ending November 30, 1976. At the same time, a lien arose in favor of the county for the amount of taxes due. Suffolk County Tax Act ("S.C.T.A.") § 13(b), (c), 1920 N.Y.Laws ch. 311 (as amended). The principal amount of the tax liability, as later corrected by a special proceeding in state court, was $71,156.09. On December 7, 1976, the debtor filed a petition for an arrangement under chapter XII of the Bankruptcy Act. When the debtor's tax bill was returned unpaid to the County Treasurer, a five percent penalty was added to the principal amount. S.C.T.A. § 13–a(1), 1920 N.Y.Laws ch. 311. In addition, there was imposed a charge equal to one percent of the portion of the taxes payable without penalty for each of the last ten months of calendar year 1977. Thereafter, interest at a rate of one percent per month was added for each month, including the aforementioned ten months, during which the debtor's tax bill went unpaid.[1]

The only issues now before this Court concern the effect of section 57j of the Bankruptcy Act upon the allowability of these charges against the debtor's estate during reorganization. Section 57j provides:

> Debts owing to the United States or to any state or subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law.

---

1. The taxes claimed by the county include the following charges:

| | | |
|---|---|---|
| (1) principal amount | $ 71,156.09 | |
| (2) five percent penalty | 3,557.80 | (on 1 only) |
| (3) 10 percent interest | 7,471.39 | (on 1 and 2) |
| (4) advertising fee | 15.00 | |
| (5) 36 percent interest | 29,592.10 | (on 1, 2 and 4) |
| (6) redemption fee | 8.00 | |
| Total | $111,800.38 | |

11 U.S.C. § 93(j) (1976). The debtor contends that this language prevents the Court from making an allowance for the five percent penalty as well as so much of the interest charges as the Court finds to be excessive. The county, on the other hand, contends that all of these charges, including the five percent charge which the tax act denominates a "penalty," are intended to compensate the government for a pecuniary loss and therefore must be allowed notwithstanding section 57j of the Act.[2] For the reasons which follow, this Court agrees with the debtor as to the penalty, and with the county as to the balance of the charges.

## I

▉ Outside the realm of real property taxation, it is settled that a debtor in possession is not liable for pre-petition tax penalties during reorganization, whether such penalties are secured or unsecured. *E. g., Simonson v. Granquist,* 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557 (1962) (secured federal tax claims). While we are here concerned with a real property tax, the same policies underlie all penalty cases. These policies, referred to in *Simonson v. Granquist,* have been summarized as follows:

> [It is] the task of bankruptcy law to mitigate as far as possible the losses to be sustained by creditors, and under this aspect there is an undeniable equity in the postulate that participation in the estate should be denied to a creditor who has neither in some degree contributed to distributable funds (*e. g.,* by the governmental protection on which taxation is supposed to be based), nor has suffered a pecuniary loss by parting with something in money's worth.

3 Collier on Bankruptcy ¶ 57.22[1] at 348 (14th ed. 1974). It was for this reason that the Court, in *Simonson,* held that section 57j barred the allowance of all penalty claims of any kind, whether secured or unsecured, except those based on a pecuniary loss. 369 U.S. at 40, 82 S.Ct. 537.

▉ The county argues that the five percent penalty is not a true penalty, and cites cases supporting the proposition that it is the purpose of an enactment rather than its choice of labels which is the controlling factor. Yet the county suggests no reason to believe that the five percent charge is based upon a pecuniary loss suffered by the county. The scheme of the S.C.T.A. suggests otherwise to the extent that it provides authority for the imposition of interest charges, advertising and redemption fees in addition to a five percent penalty. Moreover, the choice of terminology by a legislative body is at least presumptively accurate. *Meilink v. Unemployment Reserves Comm'n,* 314 U.S. 564, 569–70, 62 S.Ct. 389, 86 L.Ed. 458 (1942). While this presumption may be undercut by showing that the purpose of the enactment is compensatory rather than penal, there is nothing in the record to indicate that this five percent penalty is anything other than what the statute says it is.

*Sherwood v. United States,*[3] cited by the county in its brief, clearly is distinguishable from the instant case. In *Sherwood,* the plaintiff brought an action to remove a cloud on his title to certain unidentified property. As an officer of a subsequently defunct corporation, the plaintiff had been a person responsible for the collection of social security taxes from the wages of corporate employees. The corporation went out of business without paying over these taxes to the government. The plaintiff filed for bankruptcy as an individual and was discharged. Following this, the Internal Revenue Service assessed a penalty against the plaintiff under authority of an Internal Revenue Code provision which made the plaintiff, as an officer of the defunct corporation, personally liable for the amount of the unpaid taxes. In essence, the statute made the plaintiff a surety; the penalty was the tax. *See United States v. Sotelo,* 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978). Since section 57j of

---

**2.** I will not treat the county's position as a waiver of its right to be paid as a secured creditor.

**3.** 228 F.Supp. 247 (E.D.N.Y.1964).

the Bankruptcy Act makes an express exception for penalties which are based upon a pecuniary loss, the *Sherwood* court suggested that this exaction would have been allowable against the plaintiff's estate if the government had filed its claim during the prior bankruptcy proceeding. In any event, the allowability of the government's claim was not at issue in *Sherwood*. Rather, the holding in that case relates only to the ultimate dischargeability of the penalty. *See also World Scope Publishers, Inc. v. United States*, 348 F.2d 640, 641 (2d Cir. 1965).

This Court finds that the five percent penalty claimed by the county is a true penalty within the meaning of section 57j of the Bankruptcy Act. As such, this section and the decision of the United States Supreme Court in *Simonson v. Granquist*, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557 (1962), require its disallowance. Interest thereon also must be disallowed.

## II

The county also claims interest on the principal amount of the tax. The interest amount, like the penalty amount considered above, is secured by a lien on the debtor's real property. S.C.T.A. §§ 13, 13–a, 1920 N.Y.Laws ch. 311 (as amended). A secured tax claim is akin to a claim secured by a mortgage or security interest. As to such claims, post-petition interest always has been allowed to the date of payment when the value of the collateral is sufficient. *See generally* 3A Collier on Bankruptcy ¶ 63.16 at 1861–63 (14th ed. 1972). It is only after such liens are satisfied that assets are available for distribution to priority and unsecured creditors. *See id.* at ¶ 64.02[2]. Neither section 57j of the Bankruptcy Act nor *Simonson v. Granquist* bars the allowance of post-petition interest on valid tax liens.

■ It is true that the most convenient cloak for penalties is the term "interest," and that excessive interest must be treated as a penalty and disallowed under section 57j. *People v. Jersawit*, 263 U.S. 493, 44 S.Ct. 167, 68 L.Ed. 405 (1923). Whether a particular rate of interest is excessive is a question of fact. Thus, it must be recognized that interest rates vary according to the value of the use of money, and according to the risks attached to particular classes of loans. *Meilink v. Unemployment Reserves Comm'n*, 314 U.S. 564, 567–68, 62 S.Ct. 389, 86 L.Ed. 458 (1942). Interest is excessive only if it is neither accrued in accordance with general laws regulating the rate of interest nor in accordance with the recognized purpose of interest (*i. e.*, to compensate a party for the loss of use of money). *United States v. Childs*, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299 (1924). *See generally* 3A Collier on Bankruptcy ¶ 57.-22[2.1] at 354–55 (14th ed. 1972).

■ It cannot be said that the interest charges claimed by the county are excessive. Present mortgage interest rates are in excess of twelve percent and the prime rate charged by banks to their favored borrowers also is in excess of one percent per month. In addition, interest rates set by the New York State Superintendent of Banking are even higher still. *See* N.Y. Banking Law § 14–a (McKinney Supp. 1979). In view of prevailing conditions in today's money markets, this Court is constrained to find that the interest charges authorized by the S.C.T.A. are reasonable and proper. As such section 57j does not prevent their allowance.

A final note should be added so that the scope of this decision is not misunderstood. In *City of New York v. Saper*, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949), and later in *Nicholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), the Supreme Court held that post-petition interest was not to be allowed on unsecured pre-petition tax claims. In *Saper*, the Court explained that the prior rule of allowing post-petition interest on all tax claims, *see Sexton v. Dreyfus*, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244 (1910), had been changed by 1926 and 1938 amendments to the Bankruptcy Act which placed unsecured tax

claims[4] low in a hierarchy of non-interest bearing debts. The Court concluded that by these amendments, Congress intended to assimilate unsecured tax claims to other debts for which interest was suspended at the date of filing. 336 U.S. at 337–38, 69 S.Ct. 554. The statutory scheme applicable to secured claims is different, therefore the logic of *Saper* does not apply in the instant case.

■ Moreover, the policy of the Bankruptcy Act's reorganization chapters is better served by allowing post-petition interest on secured pre-petition taxes. It is settled that as to unsecured tax claims, interest merely is suspended at the date of bankruptcy; the debtor is not discharged and becomes liable, after reorganization, for interest to the date of payment in full. *See, e. g., United States v. Johnson Elec. Corp.*, 442 F.2d 281 (2d Cir. 1971). In the instant case, interest already amounts to more than one-third of the county's claim. If interest is now disallowed, the debtor's post-reorganization tax bill would pose a substantial threat to its financial viability.

Settle judgment in accordance herewith.

---

4. *See also* Bankruptcy Act sec. 67c(2), 11 U.S.C. § 107(c)(2) (1976) (tax liens which are invalidated are treated as priority debts under section 64 of the Act).