**In re LEVITT HOUSE, INC., Debtor.**

**Bankruptcy No. 78B–2340.**

United States Bankruptcy Court,
E.D. New York.

Jan. 9, 1987.

Sherman, Citron & Karasik, P.C., New York City, for trustee.

Martin Bradley Ashare, Hauppauge, N.Y., for Suffolk County Treasurer.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

In this motion, the trustee for the bankruptcy estate of Levitt House, Inc. seeks to compel the refund of interest and penalties from the Suffolk County Treasurer which accrued post-petition on tax liens encumbering real property of the bankruptcy estate.

The undisputed facts follow. On September 22, 1978 an involuntary petition was filed against Levitt House, Inc. under the Bankruptcy Act of 1898. On December 19, 1978 the debtor was adjudicated a bankrupt.

The trustee, Leonard Rosen, was appointed on October 11, 1979 and continues to serve in such capacity.

The bankrupt was engaged in real estate development and in the course of conducting that business acquired many parcels of land in Suffolk County. The Suffolk County Treasurer filed real estate tax claims for unpaid pre-petition real estate taxes, plus interest and penalties on several of these properties. These claims became liens on December 1 of each tax year in arrears pursuant to Suffolk County Tax Act § 13(b), 12 N.Y.Laws Ch. 311 (as amended) (hereinafter "SCTA"). In addition, unpaid post-petition taxes for each of the subsequent seven years since 1977–78 matured into liens on December 1 of the year involved.

Since September 22, 1978 the Suffolk County Treasurer has, on behalf of Suffolk County, been assessing interest and penalties against the bankrupt estate on all unpaid real property taxes.

Prior to this motion, each time the trustee sold a parcel, all outstanding taxes on those parcels, including interest and penalties, were paid upon closing. At the present time additional parcels are under contract of sale, although closing has not yet taken place.

The County was stayed from conducting any tax sale of the parcels of property by prior order of this court.

■ The trustee contends that payment of the interest and penalties on the unpaid taxes which has accrued since September 22, 1978 was erroneous. He bases his contention on the holding in a recent case, *In re Churchfield*, 62 B.R. 399 (Bankr.E.D. Mich.1986) ("*Churchfield*"). The court in *Churchfield* concluded that since tax liens are statutory and not consensual security interests, pursuant to 11 U.S.C. § 506(b), the taxing authorities are not entitled to interest and penalties. *In re Churchfield*, 62 B.R. 399 (Bankr.E.D.Mich.1986).

The Suffolk County Treasurer contends that under current law the County is empowered to assess and collect interest and penalties, citing *Best Repair Co. v. United States*, 789 F.2d 1080 (4th Cir.1986); *In re Colegrove*, 771 F.2d 119 (6th Cir.1985) in support of its contention.

Both parties improperly place reliance on cases which construe § 506(b) of the Bankruptcy Code of 1978, rather than the Bankruptcy Act of 1898, which governs this case. They have failed to consider the applicable Bankruptcy Act law, *see, In re Ross Nursing Home*, 2 B.R. 496 (Bankr.E. D.N.Y.1980). *Ross Nursing Home* was not only adjudicated under the Bankruptcy Act of 1898, as amended, but is factually on point with the case at bar. Judge Radoyevich in the *Ross* case clearly articulated the parameters of the pertinent section of the Bankruptcy Act, *viz.*, § 57(j).

In *Ross Nursing Home*, Suffolk County had a tax lien on real property for overdue tax. In that case, Suffolk County added a five percent penalty to the principal and imposed an interest charge on the outstanding tax bill pursuant to SCTA § 13–a, Penalties and Payment to County Treasurer, and SCTA § 13–c, Interest Rate on Late Payment of Taxes and Delinquencies. 1920 N.Y.Laws Ch. 311 (as amended). (*In re Ross Nursing Home*, 2 B.R. at 497 (Bankr.E.D.N.Y.1980).) The issue in the

*Ross* case and this case pertain to the construction of Bankruptcy Act § 57(j), which provides:

Debts owing to the United States or to any state or subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law.

The Supreme Court in *Simonson v. Granquist*, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557 (1962), construed § 57(j) of the Bankruptcy Act to bar all penalty claims whether secured or unsecured, unless based on actual pecuniary loss. *Simonson v. Granquist*, 369 U.S. at 40, 82 S.Ct. at 538 (1962) (*"Simonson"*).

Relying on the Supreme Court holding in *Simonson,* the court in *Ross Nursing Home* held that the five percent penalty claimed by the County without any showing of pecuniary loss, was a true penalty within the meaning of § 57(j) of the Bankruptcy Act and was therefore disallowed. *In re Ross Nursing Home,* 2 B.R. at 499 (Bankr.E.D.N.Y.1980).

Suffolk County has not produced any evidence in *Levitt House* to convince the court that the holding in *Ross Nursing Home* did not properly construct SCTA § 13–a. Therefore, we find that the penalties assessed are statutorily barred.

■ Post-petition interest, if not a disguised penalty, "always has been allowed to the date of payment when the value of the collateral is sufficient (citations omitted)." *In re Ross Nursing Home,* 2 B.R. at 499. Since the Suffolk County statute ties the interest rate charged to the one year constant maturity yield index for United States treasury securities, SCTA § 13–c, 1920 N.Y.Laws Ch. 311, the court does not find it excessive. In the case at bar, the sale of the properties herein will produce a surplus after the payment of the tax liens. Thus, the interest charged does not fall within the purview of a "penalty" as defined in § 57(j) of the Bankruptcy Act and

may be assessed and collected by the County. The penalties heretofore paid by the trustee are to be refunded to the debtor-in-possession.

SETTLE ORDER.